IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







AP-74,636






NELSON GONGORA, Appellant



v.



THE STATE OF TEXAS






Appeal from


Tarrant County






 Womack, J., filed a dissenting opinion, in which Johnson and holcomb,
JJ., joined.



 The witness Juan Vargas, who drove the van for his gang in this robbery-murder,
testified that the appellant fired the murderous shot. He was impeached with his prior,
inconsistent statement to the police that Carlos Almanza shot the victim. He could have
been impeached further with his statement to his wife that Carlos Almanza shot the
victim. But the trial court did not permit it.

 The Court's opinion does not attempt to say that this was no error. It says that it
was a harmless error because Vargas's statement to his wife "does not further impeach his
testimony at trial." Ante, at 9. But it does.

 His statement to his wife was made "on a night around the time of the offense,
[when] Vargas came home crying," and refusing to say why. Eventually he told her that
Almanza killed the man. Ibid. So the statement was made more contemporaneously, under
the influence of excited emotions, and to a spouse.

 Unlike the Court, I think this would have more impeachment value than the later
statement that he gave a police officer. I would reverse the judgment and remand for a
new trial.

 The Court's opinion says that the conflict in the evidence over who fired the shot
and the appellant's intent to do no more than rob the victim did not require an instruction
on the lesser-included offense of robbery. See ante, at 13-14. The opinion seems to say
that the such facts require either a conviction of capital murder or an acquittal for every
person who was a party to a robbery in which another party killed someone. No authority
is cited for this assertion, which I am not prepared to join.

 The appellant has another point of error, which goes only to the punishment, that
the "anti-parties" charge in the court's charge on punishment was unconstitutional. The
Court's opinion says,"The testimony in the instant case showed that appellant himself
exited the van and shot the victim," so "the fact that the jury was authorized by the charge
to convict appellant as a party does not make [the statute] unconstitutional as applied to
appellant in this case. See Cantu v. State, 939 S.W.2d 627, 644 (Tex. Cr. App. 1996)
(holding that in reviewing the constitutionality of a statute, we view the statute as applied
to appellant only)." Ante, at 23.

 But the fact that there was disputed testimony which, if believed, would have
supported a decision that the appellant did have the requisite intent is not enough. The
charge must be correct, as the next page of the Cantu opinion makes clear:

 At the guilt/innocence phase of the [Cantu] case, the jury was specifically
charged that they could not find appellant guilty of capital murder unless he
intentionally murdered the victim or intentionally assisted in the commission of the murder and the aggravating offense. The jury's finding of guilt
satisfied Tison and Enmund. For purposes of the Eighth Amendment, at
least, there was no need for further factfinding at the punishment phase of
trial. Any facial unconstitutionality inhering in Article 37.071 § 2(b)(2) did
not affect [Cantu].


939 S.W.2d, at 645 (citations omitted).

 It seems clear, from the Court's discussion of the jury charge at the guilt stage
(ante, at 13) that there was no such instruction to this jury. If that is so, then Cantu would
not support the decision to overrule the appellant's point of error as it has been interpreted
by the Court.

 I respectfully dissent.


En banc.

Filed February 1, 2006.

Do Not Publish.